UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE CRUMP, #236528,

        Plaintiff,         Civil Case No. 10-13787

v.         Hon. Gerald E. Rosen
        Magistrate Judge David R. Grand

AMY BEST, *et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS DEFENDANT TERRY BEARD

### I. RECOMMENDATION

For the reasons stated below, the court RECOMMENDS that Plaintiff's claims against Defendant Terry Beard be DISMISSED WITHOUT PREJUDICE.

### II. REPORT

On March 5, 2012, the court issued a Report and Recommendation [30] to grant a Motion for Summary Judgment [18] that was filed by all Defendants other than Defendant Terry Beard. Defendant Beard was not a party to that motion as he had not been served as of its filing on March 8, 2011. Doc. #18 at 1. Despite this action having been filed by Plaintiff almost 18 months ago on September 8, 2010, it appears that Defendant Terry Beard still has not been served.

The docket in this action indicates that the U.S. Marshal mailed Plaintiff's complaint to Beard on December 9, 2010 seeking his Waiver of Service. A February 22, 2011 text-only docket entry states that the Waiver of Service was "Returned Unexecuted," that Beard was

"away from work," and that he was "[e]xpected to return 1/3/2011." A second February 22, 2011 docket entry indicates that the Marshal mailed another Waiver of Service to Beard as a "Second Attempt" to secure service of process upon him. However, the docket contains no subsequent entry indicating that Beard returned the second Waiver of Service or that service of process was otherwise effected upon him.

Federal Rule of Civil Procedure 4(c)(1) provides that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)…" In turn, Rule 4(m) provides, in pertinent part: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

In light of the Plaintiff's failure to timely serve Defendant Beard, and this court's recommendation that the other Defendants' summary judgment motion be granted, it is recommended that Plaintiff's claims against Defendant Beard be dismissed without prejudice.

Dated: March 5, 2012  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976,

984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the undersigned Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may file a response within fourteen (14) days of its service with a copy of another party's objections. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). It is recommended that any such response be concise, but commensurate in detail with the objections, and that it address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on March 5, 2012, the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing.

                                              s/ Felicia M. Moses
                                              FELICIA M. MOSES
                                              CASE MANAGER