UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE CRUMP, #236528,

                Plaintiff,                No. 10-CV-13787

vs.                                                Hon. Gerald E. Rosen

AMY BEST, et al.,

                Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND
OR ALTERNATIVE RULE 59(e) MOTION TO AMEND OR ALTER JUDGMENT

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on         April 26, 2012

        PRESENT:   Honorable Gerald E. Rosen
                             United States District Chief Judge

        This matter is presently before the Court on Plaintiff Horace Crump's Motion for Reconsideration of the Court's March 27, 2012 Opinion and Order adopting the Magistrate Judge's two March 5, 2012 Reports and Recommendations [Dkt. Nos. 30 and 31] and dismissing Plaintiff's Complaint in its entirety. The first R&R recommended (1) the dismissal, with prejudice, of all of the federal claims against all of the defendants except Defendant Beard, and (2) the dismissal, without prejudice, of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). The second R&R recommended the dismissal of Plaintiff's claims against Defendant Beard, without prejudice, for failure to prosecute.

Plaintiff now seeks reconsideration of that part of the Opinion and Order addressing the second of the Magistrate Judge's R&Rs, i.e., the Report and Recommendation recommending the dismissal of Plaintiff's claims against Defendant Beard, without prejudice, for failure to prosecute. [*See* Dkt. No. 31.]

The grounds for granting a motion for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h):

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

As provided in LR 7.1(h)(3), in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(h)(3); *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).

Plaintiff also seeks, in the alternative, to amend or alter the judgment pursuant to

Federal Rule of Civil Procedure 59.  The disposition of a motion filed pursuant to Fed. R. Civ. P. 59, is "entrusted to the court's sound discretion."  *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (*citing Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)).  Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or  (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Industries, Inc. v . Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (*citing Keweenaw Bay*, 940 F. Supp. at 1141).  Such motions, however, are "not intended as a vehicle to relitigate previously considered issues" and are not the proper vehicle to attempt to obtain a reversal of a judgment "by offering the same arguments previously presented."  *Id*.

The basis for Plaintiff's motion for reconsideration/to amend or alter judgment in this case is his contention that the Court erred when it stated in the March 27, 2012 Opinion and Order that "no objections were filed to the second [Report and Recommendation]."   He claims that he did object to this R&R in his objections to the first R&R, claiming that he asked in those objections that the Court "order the state to provide Defendant CO Beard's last-known address."

The Court has reviewed Plaintiff's Objections [Dkt. No. 33], as well as his Response to the Defendants' objections [Dkt. No. 38] and nowhere in either of those pleadings does Plaintiff even mention Defendant Beard or the Magistrate Judge's

3

[second] Report and Recommendation of March 5, 2012 [Dkt. No. 31].  Nevertheless, even if the Court did misstate that no objections were filed to the second R&R, this does not amount to a "palpable error" the correction of which would "result in a different disposition of the case."  Plaintiff not having offered any other cognizable basis for reconsidering the Court's prior ruling,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration **[Dkt. No. 37]** is DENIED.


                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated:  April 26, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 26, 2012, by electronic mail and upon Horace Crump, #236528, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201 by ordinary mail.

                              s/Ruth A. Gunther
                              Case Manager